IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

USDC, CLERK, CHARLESTON, SC
RECEIVED
2010 MAR -5  A 10: 21

| | |
|---|---|
| Darren S. Simmons, # 182509 | C/A No. 2:09-2406-DCN-RSC |
| Plaintiff, | |
| VS. | REPORT AND RECOMMENDATION |
| Nurse Stokes;<br>Linda Dunlap, R.N.,<br>Director of<br>Clinical Services;<br>Jon D. Ozmint and<br>Warden Willie Eagleton, | |
| Defendants | |

This civil rights action under 42 U.S.C. § 1983[1] (West 1994 & Supp. 1998) brought by a state prisoner proceeding pro se and in forma pauperis is before the undersigned United States Magistrate Judge for a report and recommendation on the

---

[1] Section 1983, titled a civil action for deprivation of rights reads in relevant portion:
Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

1

defendants' motion for summary judgment.  28 U.S.C. § 636(b).

On September 14, 2009, the plaintiff, Darren S. Simmons, sued Nurse Stokes; Linda Dunlap, R.N., Director of Clinical Services at Evans Correctional Institution (ECI) where the plaintiff is incarcerated; Jon Ozmint, the Director of th e Aouth Carolina Department of Corrections (SCDC); and ECI Warden Willie Eagleton.  He complained that his prescription medications were not being refilled by the medical staff defendants because he has filed grievances against them and written to the penology and medical affairs committee on corrections.  Additionally he complained that Defendant Eagleton has a policy which denies the plaintiff assignment to a prison job and, as a result, he must spend more time in his cell and cannot earn work or educational credits.  Plaintiff seeks damages for the emotional distress, mental anguish, misery, pain, and suffering. See generally, Complaint.

On October 22, 2009, the defendants answered the complaint and raised as an affirmative defense that the plaintiff had failed to comply with the exhaustion requirement of the Prison Litigation Reform Act (PLRA).

On December 29, 2009, the defendants filed their motion for summary judgment with affidavits and exhibits.  Plaintiff was provided a copy of the motion and on December 30, 2009, Plaintiff was given an explanation of dismissal and summary judgment

procedure as well as pertinent extracts from Rules 12 and 56 of the Federal Rules of Civil Procedure similar to that required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). The plaintiff opposed the motion on January 22, 2010, with a memorandum of law, affidavits from three (3) other prisoners and exhibits. The defendants replied to the plaintiff's opposition on February 8th and 10th, 2010. Hence, it appears that consideration of the motion is appropriate.

## SUMMARY JUDGMENT STANDARD

Summary judgment should be granted when the record demonstrates that the requirements of Rule 56(c) have been met. Celotex Corp. v. Catrett, 477 U.S. 317 (1986). Summary judgment is mandated where the party opposing the motion has failed to establish the existence of an element essential to his case, and on which he bears the burden of proof. Id., 477 U.S. at 322. The party seeking summary judgment must inform the court of the basis for its motion, and identify those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party, however, need not offer proof that negates the opponent's claim; rather, as to issues on which the party opposing the motion has the burden of proof at trial, the party seeking summary judgment need only point to an absence of evidence to support the opponent's claim. The party opposing summary judgment must then point to facts evidencing a genuine

issue for trial. Fed. R. Civ. P. 56(c); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).

Summary judgment should not be denied merely because the plaintiff raises a "metaphysical doubt" as to the material facts. Mathushita Electrical Industrial Co., Ltd v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Likewise, "unsupported speculation is not sufficient to defeat a summary judgment motion." Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987). If the plaintiff's evidence does not raise a genuine issue as to a material fact, then summary judgment is proper for the defendants. See Anderson, 477 U.S. at 249-50 (where evidence is not significantly probative, then summary judgment is proper). Furthermore, even as to a material fact, an issue is genuine only where the record establishes that the fact-finder could find, by a preponderance of the evidence, that the plaintiff is entitled to judgment in his favor. Id., 477 U.S. at 252.

### **EXHAUSTION OF REMEDIES**

The defendants contend that the action should be dismissed in its entirety for failure to exhaust administrative remedies. they raised this as an affirmative defense in their answer and submitted affidavits and exhibits showing that administrative remedies were not exhausted. It appears that the action should be dismissed without prejudice for failure to exhaust administrative remedies prior to bringing suit as required by the

Prison Litigation Reform Act (PLRA).

The PLRA provides in pertinent part as follows: "No action shall be brought with respect to prison conditions under section 1983 of this title or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

In Porter v. Nussle, 534 U.S. 516 (2002), the Supreme Court held that the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. In Porter, the United States Supreme Court held that "exhaustion in cases covered by 1997e(a) is now mandatory." 534 U.S. at 524. The Court noted that a district court has no discretion, as had existed prior to the PLRA, to determine whether administrative remedies needed to be exhausted in a particular case. The Court further stated that '[e]ven when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit." Id. The Court stressed, as does the statute, that exhaustion must take place prior to the commencement of the civil action in order to further the efficient administration of justice:

> Beyond doubt, Congress enacted § 1997e(a) to reduce the quantity and improve the quality of prisoner suits; to this

5

> purpose, Congress afforded corrections officials time and
> opportunity to address complaints internally before allowing
> the initiation of a federal case. In some instances,
> corrective action taken in response to an inmate's grievance
> might improve prison administration and satisfy the inmate,
> thereby obviating the need for litigation. In other
> instances, the internal review might filter out some
> frivolous claims. And for cases ultimately brought to court,
> adjudication could be facilitated by an administrative
> record that clarifies the contours of the controversy.

534 U.S. at 524-525 (emphasis added). Thus, it is clear from the Porter opinion that administrative remedies must be exhausted prior to the filing and pursuit of a § 1983 action. See e.g., Anderson v. XYZ Correctional Health Services, Inc., 407 F.3d 674 (4th Cir. 2005).

In the United States Supreme Court's recent pronouncement on the subject of exhaustion of administrative remedies, Supreme Court Justice Samuel Alito writing for the majority stated that the benefits of exhaustion can be realized only if the agency is given a full and fair opportunity to consider the grievances. Woodford v. Ngo, 126 S.Ct. 2378, 2386 (2006). Therefore, reviewing and relying upon the bodies of law regarding the exhaustion requirement of habeas corpus law under the Antiterrorism and Effective Death Penalty Act of 1996, which was enacted by Congress contemporaneously with the PLRA's exhaustion requirement, the Court held that the PLRA's exhaustion requirement requires *proper* exhaustion of administrative remedies because the benefits of exhaustion can be realized only if the

6

prison grievance system is given a fair opportunity to consider the grievances.

## DISCUSSION OF EXHAUSTION OF REMEDIES

According to Plaintiff's own sworn complaint, he filed Step One grievances ECI 876-09 and ECI 1078-09 on August 21, 2009, concerning the matters raised in his complaint, and on September 14, 2009, when he filed the instant action, he had not exhausted those grievances. Exhibits he filed with the court are consistent with his representation that he has not exhausted his remedies. In short, Plaintiff has not met the threshold requirement that he exhaust his administrative remedies prior to filing suit and the action should be dismissed without prejudice as a result.

## CONCLUSION

Accordingly, for the aforementioned reason, it is recommended that the action be dismissed without prejudice for failure to comply with the exhaustion requirement of the PLRA, any outstanding motions be denied as moot, and this matter ended.

Respectfully Submitted,

*Robert S. Carr*
Robert S. Carr
United States Magistrate Judge

Charleston, South Carolina

March 4, 2010

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation. <u>Diamond v. Colonial Life & Acc. Ins. Co.</u>, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985).