IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Darren S. Simmons, #182509, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 2:09-CV-2406-DCN |
| | ) | |
| vs. | ) | |
| | ) | |
| Nurse Stokes, Linda Dunlap, R.N., Director | ) | **ORDER AND OPINION** |
| of Clinical Services, Jon D. Ozmint, South | ) | |
| Carolina Prisons Director, and Willie | ) | |
| Eagleton, Warden of Evans Correctional | ) | |
| Institute, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the court on United States Magistrate Judge Robert S. Carr's Report and Recommendation (R&R) that this court should dismiss plaintiff's cause of action, without prejudice, for failure to comply with the exhaustion requirement of the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a). Plaintiff, proceeding *pro se* and *in forma pauperis*, alleges civil rights violations pursuant to 42 U.S.C. § 1983, and he has filed numerous motions, including three motions seeking injunctive relief. Defendants filed motions for summary judgment, arguing that plaintiff failed to exhaust available administrative remedies prior to filing his federal complaint. For the reasons set forth below, this court adopts the R&R prepared by the magistrate judge and dismisses plaintiff's cause of action without prejudice, thereby rendering all other motions moot, except for plaintiff's motions for injunctive relief. This court has considered the substance of these motions and denies all three of plaintiff's motions for injunctive relief.

1

## I. BACKGROUND

On September 14, 2009, plaintiff filed a complaint alleging that defendants violated his civil rights under 42 U.S.C. § 1983 by failing to refill his medications in a timely manner and refusing to provide him with a job at the Evans Correctional Institution (ECI). Plaintiff claims that defendants took these actions in retaliation for plaintiff filing two inmate grievances, ECI-0876-09 and ECI-1078-09, and writing to the penology and medical affairs committee on corrections. Plaintiff claims that denial of his medications constitutes cruel and unusual punishment under the Eighth Amendment, and refusal to provide him with employment denies him equal protection of the law, thus violating the Fourteenth Amendment. Plaintiff seeks relief in the form of $250,000 for "severe emotional distress," "mental anguish and misery," and "pain and suffering." Compl. at V.

Plaintiff then proceeded to file numerous motions, including, but not limited to, a motion to dismiss Nurse Stokes as a party, two motions to amend/correct his complaint, two motions to compel discovery, a motion to expand the record with affidavits of facts, a motion for judgment on the pleadings, three motions for a preliminary injunction or a temporary restraining order (TRO), and four motions to appoint counsel. On December 29, 2009, defendants filed motions for summary judgment, raising as their first argument plaintiff's failure to exhaust administrative remedies prior to filing suit, in violation of the PLRA. Plaintiff was provided with copies of the summary judgment motions, along with an explanation of dismissal and summary judgment procedure as required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). Plaintiff subsequently submitted a memorandum

of law and exhibits opposing defendants' summary judgment motions.

On March 5, 2010, the magistrate judge filed an R&R, recommending that plaintiff's cause of action be dismissed for failure to comply with the mandatory exhaustion requirement of the PLRA, 42 U.S.C. § 1997e(a). The magistrate judge referenced plaintiff's complaint, which shows that plaintiff initiated two ECI Inmate Grievances just several weeks before filing his federal complaint, and that he had not yet received a final determination concerning those grievances. Plaintiff filed objections to the R&R, specifically objecting to the magistrate judge's determination that he failed to exhaust available administrative remedies. He states that he filed the ECI-1078-09 step one and step two grievances on June 23, 2009[1]; however, he admits that he did not receive a final determination regarding this grievance until February 19, 2010.[2] Plaintiff does not discuss the status of inmate grievance ECI-0876-09, which, according to his complaint, was initiated on August 21, 2009.

## II. STANDARD OF REVIEW

This court is charged with conducting a de novo review of any portion of the magistrate judge's report to which a specific, written objection is made. 28 U.S.C. §

---

[1] Plaintiff's objections state that he filed grievances ECI-0876-09 and ECI-1078-09 on June 23, 2009, approximately two months prior to the date (August 21, 2009) he provided in his original complaint.

[2] Exhibits attached to plaintiff's objections to the R&R reflect that the ECI Inmate Grievance Procedure is a two-step process. In step one, an inmate submits a grievance to the Institutional Grievance Coordinator within fifteen days of an alleged incident. If the inmate does not accept the warden's decision in response to step one, the inmate files a step two grievance, an appeal of the warden's decision. In step two, "[t]he decision rendered by the responsible official exhausts the appeal process of the Inmate Grievance Procedure." Pl.'s Objections Exs. 1-2.

3

636(b)(1).  A party's failure to object is accepted as agreement with the conclusions of the magistrate judge.  See Thomas v. Arn, 474 U.S. 140 (1985).  This court is not required to review, under a de novo standard, or any other standard, the factual findings and legal conclusions of the magistrate judge to which the parties have not objected.  See id. at 149-50.  A party's general objections are not sufficient to challenge a magistrate judge's findings.  Howard v. Secretary of Health & Human Servs., 932 F.2d 505, 508-09 (6th Cir. 1991).  The recommendation of the magistrate judge carries no presumptive weight, and the responsibility to make a final determination remains with this court.  Mathews v. Weber, 423 U.S. 261, 270 (1976).  This court may accept, reject, or modify the report of the magistrate judge, in whole or in part, or may recommit the matter to him with instructions for further consideration.  28 U.S.C. § 636 (b)(1).

### III.  PRO SE COMPLAINTS

Plaintiff is proceeding *pro se* in this case.  *Pro se* complaints and petitions should be construed liberally and are held to a less stringent standard than those drafted by attorneys.  See Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), cert. denied, 439 U.S. 970 (1978).  Courts classify *pro se* pleadings from prisoners according to their contents, without regard to their captions.  United States v. Winestock, 340 F.3d 200, 203 (4th Cir. 2003).  A district court is charged with liberally construing a complaint or petition filed by a *pro se* litigant to allow the development of a potentially meritorious case.  See Hughes v. Rowe, 449 U.S. 5, 9 (1980).  Liberal construction, however, does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a cognizable claim.  See Weller v. Dep't of Soc. Servs., 901 F.2d 387, 390-91 (4th

4

Cir. 1990).

## IV.  EXHAUSTION OF ADMINISTRATIVE REMEDIES UNDER THE PLRA

Title 42 U.S.C. § 1997e(a) states, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  "Once within the discretion of the district court, exhaustion in cases covered by § 1997e(a) is now mandatory."  Porter v. Nussle, 534 U.S. 516, 524 (2002) (internal citation omitted).  Mandatory exhaustion serves the purposes of reducing the quantity and improving the quality of prisoner law suits.  Id. at 524-25.  It also protects administrative agency authority and promotes the efficient resolution of claims by an agency rather than a federal court.  Woodford v. Ngo, 548 U.S. 81, 89 (2006).

"[T]o properly exhaust administrative remedies prisoners must 'complete the administrative review process in accordance with the applicable procedural rules,' rules that are defined not by the PLRA, but by the prison grievance process itself.  Compliance with prison grievance procedures . . . is all that is required by the PLRA to 'properly exhaust.'"  Jones v. Bock, 549 U.S. 199, 218 (2007) (internal citation omitted).

Prior to filing his federal complaint, and by his own admission, plaintiff failed to exhaust the administrative remedies available through the ECI Inmate Grievance Procedure for grievance ECI-1078-09.  Plaintiff does not address the status of grievance ECI-0876-09 in any of his pleadings.  It is unclear to the court whether that grievance was resolved or remains pending, and the court will not speculate as to its status.  Considering

only the information submitted to the court regarding grievance ECI-1078-09, it is clear that plaintiff has failed to comply with the exhaustion requirement of 42 U.S.C. § 1997e(a), and plaintiff's cause of action should be dismissed without prejudice.

Moreover, plaintiff should not be permitted to proceed with his federal claims simply because exhaustion of available administrative remedies occurred while his federal claims were pending, if, in fact, he did exhaust available administrative remedies for both grievances. "[A]llowing prisoner suits to proceed, so long as the inmate eventually fulfills the exhaustion requirement, undermines Congress' directive to pursue administrative remedies prior to filing a complaint in federal court." Neal v. Goord, 267 F.3d 116, 123 (2d Cir. 2001). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." Perez v. Wis. Dep't of Corr., 182 F.3d 532, 535 (7th Cir. 1999).

### V. PLAINTIFF'S MOTIONS FOR INJUNCTIVE RELIEF

Plaintiff's motions for injunctive relief raise a second issue for this court's consideration: whether dismissal of plaintiff's complaint for failure to exhaust administrative remedies pursuant to the PLRA should also preclude him from seeking injunctive relief. "A preliminary injunction is an extraordinary remedy afforded prior to trial at the discretion of the district court that grants relief *pendente lite* of the type available after the trial." Real Truth About Obama, Inc. v. Fed. Election Comm'n, 575 F.3d 342, 345 (4th Cir. 2009) (internal citations omitted). "Because a preliminary injunction affords, on a temporary basis, the relief that can be granted permanently after

6

trial, the party seeking the preliminary injunction must demonstrate by a 'clear showing' that, among other things, it is likely to succeed on the merits at trial." Id. (internal citations omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, 129 S. Ct. 365, 374 (2008). By statute, the PLRA grants courts the authority to enter a temporary restraining order or an order for preliminary injunctive relief in civil actions concerning prison conditions; however,

> [p]reliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity set out in paragraph (1)(B) in tailoring any preliminary relief. Preliminary relief shall automatically expire on the date that is 90 days after its entry, unless the court makes the findings required under subsection (a)(1) for the entry of prospective relief and makes the order final before the expiration of the 90-day period.

18 U.S.C. § 3626(a)(2).

Traditionally, preliminary injunctions are sought to "protect the status quo and to prevent irreparable harm during the pendency of a lawsuit ultimately to preserve the court's ability to render a meaningful judgment on the merits." In re Microsoft Corp. Antitrust Litig., 333 F.3d 517, 525 (4th Cir. 2003). Mandatory preliminary injunctions, in comparison, compel action.

> "Mandatory preliminary injunctions [generally] do not preserve the status quo and normally should be granted only in those circumstances when the

7

exigencies of the situation demand such relief." Wetzel v. Edwards, 635 F.2d 283, 286 (4th Cir. 1980). That is to say, a mandatory preliminary injunction must be necessary both to protect against irreparable harm in a deteriorating circumstance created by the defendant and to preserve the court's ability to enter ultimate relief on the merits of the same kind.

Id. at 526.

The Fourth Circuit has not yet addressed the issue of whether dismissal of plaintiff's complaint for failure to exhaust administrative remedies pursuant to the PLRA should also preclude him from seeking injunctive relief. As a result, this court adopts the reasoning applied by the District of Columbia Circuit in Jackson v. Dist. of Columbia, 254 F.3d 262, 268 (D.C. Cir. 2001): "The Supreme Court has long recognized that federal courts possess a 'traditional power to issue injunctions to preserve the status quo while administrative proceedings are in progress and prevent impairment of the effective exercise of appellate jurisdiction.'" (Quoting FTC v. Dean Foods Co., 384 U.S. 597, 604 (1966). "[T]he PLRA contains nothing expressly foreclosing courts from exercising their traditional equitable power to issue injunctions to prevent irreparable injury pending exhaustion of administrative remedies." Id. This approach respects the mandatory exhaustion requirements of the PLRA, while affording parties appropriate relief when faced with irreparable harm.

Plaintiff filed three motions for injunctive relief. In the first motion, filed on November 10, 2009, plaintiff seeks "injunctive relief," claiming that defendants harassed him by changing his medication pick-up dates from October 31, 2009, to November 3, 2009, and then from November 3, 2009, to November 5, 2009. Mot. Injunctive Relief 1-2. Plaintiff filed his second motion for an "injunction" or a "temporary restraining order"

on March 12, 2010. Mot. for Inj. 1. Although he mentions a "temporary restraining order" in the caption of a proposed order attached to the motion, the order specifically discusses issuance of a preliminary injunction according to Federal Rule of Civil Procedure 65(a). Proposed Order 1. In this motion, plaintiff requests a preliminary injunction for the following reasons: (1) ECI personnel allegedly opened plaintiff's legal mail outside of his presence; (2) plaintiff desires "proper medical treatment at least three times each week" to check his blood pressure and blood sugar, along with performing an EKG; (3) plaintiff desires to be placed into a bottom bunk two-man cell; (4) plaintiff requests transfer to an "MR1-B" institution because he is allegedly "scoring out" of his custody level; (5) plaintiff would like "some decent 2X state uniforms"; (6) plaintiff desires an EKG at least once or twice each weekend to monitor his heart condition; (7) plaintiff desires thirty-day supplies of his medications issued in a "timely manner"; and (8) plaintiff requests cessation of "any and all retaliation and discriminatory conduct" towards him anywhere inside the South Carolina Department of Corrections. Mot. for Inj. 1-2; Proposed Order 1-3.

Plaintiff's final motion for injunctive relief, filed on April 9, 2010, bears the same caption and contains the same reference to the issuance of a preliminary injunction pursuant to Rule 65(a) in a second proposed order. Second Proposed Order 1. In this motion, plaintiff seeks injunctive relief for the following reasons: (1) plaintiff desires that defendants provide him with the correct postage for legal correspondence because he is indigent; (2) a Corporal Gibbons allegedly opened legal correspondence belonging to plaintiff outside of plaintiff's presence and one week prior to him picking up the package;

9

(3) plaintiff desires to have his blood pressure checked three times each week; (4) plaintiff desires a "complete physical" and to have his blood sugar checked for diabetes; (5) plaintiff desires to review his inmate medical records; and (6) plaintiff claims that Nurse Cribbs harassed him when delivering his medications on March 23, 2010, by telling him "not to come around medical anymore." Second Proposed Order 1-3.

Assuming that plaintiff's motions seek injunctions compelling action on the part of defendants, he falls short of satisfying the requirements for a preliminary injunction and shorter still from meeting the standard required for a mandatory preliminary injunction. Construing plaintiff's motions liberally, the court finds that plaintiff is unable to make a clear showing that he would likely succeed on the merits of his claims at trial. In response to a summary judgment motion later withdrawn by plaintiff, defendants submitted an affidavit from Dr. Michael Beinar, Medical Director, South Carolina Department of Corrections (SCDC). Dr. Beinar testified that he reviewed numerous medical reports from the almost two-hundred-fifty medical encounters involving plaintiff from early 1999 until late 2009. Beinar Aff. 1-4. Dr. Beinar stated that plaintiff was diagnosed with neurocardiogenic syncope when he first came to SCDC, and cardiologists outside of SCDC verified that plaintiff had a heart attack related to drug use prior to his period of SCDC incarceration. Beinar Aff. 4. Dr. Beinar further stated that plaintiff "had various Encounters with complaints of chest pain, but his vital signs were all normal. He has been diagnosed with gastro esophageal reflux disease (GERD). This was commonly known as acid reflux disease or heartburn. He has been prescribed a diet to alleviate this condition." Beinar Aff. 5.

In response to plaintiff's motions for injunctive relief, defendants submitted affidavits from Amy Smith, ECI Medical Department, and Corporal Gibbons, ECI Property Control. Ms. Smith's affidavit contains the following testimony:

> All medicines received by the Pharmacy are promptly delivered to an inmate. An inmate is notified promptly that his prescription is in the Pharmacy. There is a 9:00 a.m. pill line to pick up medicines by inmates on Tuesdays, Thursdays and Saturdays. An inmate is sent an order to report to the pill line to receive his medications. Even if an inmate comes on the wrong day his prescription is usually filed.
>
> Your Affiant further states that no medication is withheld from any inmate as a matter of retaliation because of the filing of any lawsuit. Your Affiant is not aware of any issue Darren Simmons has regarding the receipt of his medications. Your Affiant does not recall Evans supplier being late in delivering medications to the Pharmacy at Evans Correctional Institution. Your Affiant has no record of when that occurred and is not aware that it involved any medications of Mr. Simmons.

Smith Aff. 1. The affidavit of Corporal Gibbons addresses ECI's policy regarding packages mailed to inmates. Corporal Gibbons testified that ECI received a FedEx package sent from D. Malloy McEachin, Jr., to plaintiff on January 28, 2010. Corporal Gibbons stated that ECI's policy requires employees to open any packages sent to inmates for security reasons. Corporal Gibbons testified that plaintiff "received notification that a FedEx package had arrived and [plaintiff] refused to pick it up. Once [plaintiff] came to pick it up the package was opened in his presence." Gibbons Aff. 1.

The evidence above leads to the inevitable conclusion that plaintiff is a far cry from making a *clear showing* that he is likely to succeed on the merits of his medical- and legal correspondence-related claims, not to mention the fact that the majority of the claims contained in plaintiff's motions for injunctive relief, including his desired course

of medical treatments, his placement in the bottom bunk of a two-man cell, and a complaint that an ECI nurse allegedly made an unwelcome comment to him, are completely without merit. Moreover, none of the claims asserted by plaintiff show that plaintiff will suffer irreparable harm in the absence of injunctive relief. Plaintiff's motions for injunctive relief fail to meet the first two requirements of the four-part Winter test; therefore, no further analysis under that test is necessary. Plaintiff also fails to present any circumstances showing that the exigencies of his situation demand mandatory preliminary injunctive relief. Accordingly, plaintiff's motions should be denied.

## VI.  CONCLUSION

For the foregoing reasons, the magistrate judge's recommendation is **ADOPTED**, and plaintiff's cause of action is **DISMISSED** without prejudice. The court also **DENIES** plaintiff's three motions for injunctive relief.

**AND IT IS SO ORDERED.**[3]

_____
**DAVID C. NORTON
CHIEF UNITED STATES DISTRICT JUDGE**

**May 26, 2010
Charleston, South Carolina**

---

[3] As a result of this order, this court finds that all other outstanding motions are moot.